**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE MIGUEL CABARCAS GRACIAS, | ) | |
| Petitioner, | ) | |
| -vs- | ) | NO. CIV-26-2151-HE |
| FRED FIGUEROA, Warden, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Jose Miguel Cabarcas Gracias, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement. According to his petition, he is detained at Diamondback Correctional Facility in Watonga, Oklahoma.

As ordered, the federal respondents have responded to the petition. While contending that petitioner is held pursuant to 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they acknowledge the Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. They request any order be limited to ordering a bond hearing within seven days. No reply to respondents' response has been filed within the time specified by the court.

Upon review and in light of the respondent's acknowledgment, the court will grant the petition in part. The petition will be granted to the extent it seeks a bond hearing

pursuant to 8 U.S.C. § 1226(a),[1] and the court will order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days or otherwise release him if no hearing is held within that time.[2]

Accordingly, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part**. Respondent is **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

Respondent is further **ORDERED** to certify compliance by filing a status report within **ten (10) days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE

[1] *In light of the court's ruling, the court need not address any other claims petitioner may have raised in the petition.*

[2]*See Santillan Quiroz, 180 F.4th at 1251 n. 13 ("Because [petitioner] can properly be subject to detention under § 1226(a), [], the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.")*